# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DOUGLAS LABARE, Derivatively and on Behalf of OCEAN POWER TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES DUNLEAVY, MARK A. FEATHERSTONE, TERENCE J. CRYAN, DR. GEORGE W. TAYLOR, EILEEN M. COMPETTI, DAVID L. KELLER, GEORGE H. KIRBY III, DEAN J. GLOVER, AND SEYMOUR S. PRESTON III, <br><br> Defendants, <br><br> And <br><br> OCEAN POWER TECHNOLOGIES, INC., <br><br> Nominal Defendant. | Case No.: 3:15-cv-01980-FLW-LHG |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement (the "Stipulation"), dated October 23, 2017, is made and entered into by and among the following Settling Parties (as defined herein), each by and through their respective counsel: (i) Lead Plaintiff Angelo Pucillo ("Pucillo" or "Lead Plaintiff"), derivatively on behalf of Ocean Power Technologies, Inc. ("Ocean Power" or the "Company"); (ii) plaintiffs Joseph LaCalamito, Jared L. Rywolt, and Douglas Labare (collectively, and together with Pucillo, "Plaintiffs"); (iii) nominal defendant Ocean Power; and (iv) defendants Charles Dunleavy, Mark A. Featherstone, Terence J. Cryan, Dr. George W. Taylor, Eileen M. Competti, David L. Keller, George H. Kirby III, Dean J. Glover, and Seymour S. Preston III, all of whom are current or former members of Ocean Power's Board of Directors (the "Board") and/or

1

senior officers of Ocean Power (collectively, the "Individual Defendants" and, together with Ocean Power, "Defendants"). This Stipulation, subject to the approval of the United States District Court for the District of New Jersey (the "Court"), is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims (as defined herein) and to result in the complete dismissal of the above-captioned consolidated shareholder derivative action (the "Action") with prejudice, upon the terms and subject to the conditions set forth herein, and without any admission or concession as to the merits of any of the Settling Parties' claims or defenses.

## I.   INTRODUCTION

### A. Factual Background

Ocean Power is a Delaware corporation with its principal place of business in New Jersey. Ocean Power develops and seeks to commercialize systems that generate electricity through harnessing the renewable energy of ocean waves. Plaintiffs allege in the Action that the Individual Defendants breached their fiduciary duties by causing the Company, through Victorian Wave Partners Pty Ltd ("VWP"), to enter a modified agreement ("Agreement") with the Australian Renewable Energy Agency ("ARENA") to build a renewable energy project off the Australian coast (the "Project") that was allegedly not commercially viable. Plaintiffs also allege that the Individual Defendants breached their fiduciary duties by causing the Company to issue allegedly false and/or misleading statements regarding, among other things, the nature and/or circumstances of the Agreement and the commercial viability of the Project.

### B. Procedural Background

On July 10, 2014, plaintiff Pucillo made a demand upon the Board to take certain actions

- 2 -

in connection with alleged factual matters raised in the Action ("Litigation Demand"), and Pucillo thereafter agreed to defer the Litigation Demand while he participated in the § 220 Demand process described below.

On September 15, 2014, plaintiff Joseph LaCalamito ("LaCalamito") made a demand for books and records pursuant to Section 220 of the Delaware General Corporation Law ("§ 220 Demand"), and the Company thereafter responded and produced certain documents pursuant to the books and records demand.

On January 7, 2015, plaintiff Jared L. Rywolt ("Rywolt) made a § 220 Demand and the Company thereafter responded and produced certain documents pursuant to the books and records demand.

On March 18, 2015, plaintiff Douglas Labare ("Labare") filed a verified shareholder derivative complaint in this Court on behalf of Ocean Power, captioned *Labare v. Dunleavy, et al.*, Case No. 3:15-cv-01980-FLW-LHG (the "*Labare* Action"). Plaintiff Labare asserted claims against certain of the Individual Defendants for alleged breach of fiduciary duties, abuse of control, gross mismanagement, and unjust enrichment.

On May 18, 2015, the Court approved a stipulation and order that, among other things, stayed the *Labare* Action pending certain developments in a securities class action lawsuit captioned *In re Ocean Power Technologies, Inc. Securities Litigation*, C.A. 14-3799 (FLW) (the "Securities Action").

On July 10, 2015, plaintiff Rywolt filed a substantially similar shareholder derivative action in this Court on behalf of Ocean Power, captioned *Rywolt v. Dunleavy, et al.*, Case No. 3:15-cv-05469-PSG-LHG (the "*Rywolt* Action"). Plaintiff Rywolt asserted claims against certain

of the Individual Defendants for alleged breaches of fiduciary duties, gross mismanagement, abuse of control, and unjust enrichment.

On February 8, 2016, the Court entered an order consolidating the *Rywolt* Action with the Action, appointing plaintiffs Labare and Rywolt as co-lead plaintiffs, and appointing The Rosen Law Firm, P.A. as lead counsel in the Action ("Lead Counsel").

On March 9, 2016, plaintiffs Labare and Rywolt filed a consolidated verified shareholder derivative complaint in the Action, asserting claims for alleged breach of fiduciary duty, abuse of control, gross mismanagement, and unjust enrichment ("Consolidated Amended Complaint").

On April 21, 2016, plaintiff LaCalamito filed a substantially similar verified shareholder derivative complaint in this Court on behalf of Ocean Power against the Individual Defendants and Bruce A. Peacock, and David L. Davis, captioned *LaCalamito v. Dunleavy et al.*, Case No. 3:16-cv-02249-PGS-LHG (the "*LaCalamito* Action").

On June 8, 2016, plaintiff Pucillo filed a substantially similar verified shareholder derivative complaint in this Court on behalf of Ocean Power against the Individual Defendants, captioned *Pucillo v. Dunleavy et al.*, Case No. 3:16-cv-03309-BRM-LHG (the "*Pucillo* Action"). Plaintiff Pucillo asserted claims against certain of the Individual Defendants for alleged breaches of fiduciary duties, abuse of control, and unjust enrichment.

On October 25, 2016, the Court entered an order consolidating the *LaCalamito* Action and the *Pucillo* Action with the Action, substituting Pucillo as the lead plaintiff in place of Labare and Rywolt, directing The Rosen Law Firm, P.A. to continue to serve as Lead Counsel in the Action, designating the Consolidated Amended Complaint as the operative complaint in the Action, removing Bruce A. Peacock and David L. Davis as defendants in the Action, and staying the

Action pending a settlement hearing in the Securities Action and further order of the Court.

### C. Settlement Negotiations

Lead Counsel, certain of Plaintiffs' Counsel, and Dechert LLP, counsel for the Company and certain of the Individual Defendants, formally commenced settlement discussions on April 19, 2016 when Lead Counsel sent a settlement demand and corporate governance reforms term sheet to counsel for the Company. Thereafter, Lead Counsel and certain of Plaintiffs' Counsel continued to have extensive settlement negotiations with counsel for the Company that included numerous written exchanges with written corporate governance reforms proposals and counter-proposals, and numerous telephonic conferences. Plaintiffs and the Company have engaged in good faith, arm's-length discussions with regard to the possible settlement of the Action and have reached an agreement in principle providing for the proposed settlement of the Action on the terms and conditions set forth in this Stipulation (the "Settlement"). Plaintiffs and the Company believe that the Settlement is in the best interests of Ocean Power and Current Ocean Power Stockholders (as defined below).

### II. PLAINTIFFS' COUNSEL'S INVESTIGATION AND RESEARCH, PLAINTIFFS' CLAIMS, AND THE BENEFIT OF SETTLEMENT

Plaintiffs' Counsel conducted investigations relating to the claims and the underlying events alleged in the Action and the Litigation Demand, including, but not limited to: (1) reviewing and analyzing the Company's public filings with the U.S. Securities and Exchange Commission ("SEC"), press releases, announcements, transcripts of investor conference calls, and news articles; (2) reviewing and analyzing the allegations contained in the related securities class action filed in the United States District Court for the District of New Jersey, captioned *In re Ocean Power Technologies, Inc. Securities Litigation*, Civil Action No. 14-3799; (3) researching and drafting

- 5 -

the initial shareholder derivative complaints in the *Rywolt* Action, *Labare* Action, *LaCalamito* Action, and *Pucillo* Action; (4) researching and drafting the Section 220 Demands and Litigation Demand; (5) researching and drafting the Consolidated Amended Complaint; (6) reviewing hundreds of pages of internal corporate documents produced to the Plaintiffs by Ocean Power; (7) researching the applicable law with respect to the claims in the Action and the potential defenses thereto; (7) researching corporate governance best practices; (8) preparing extensive settlement demands and corporate governance reforms proposals; and (9) engaging in extensive settlement discussions with the Company's counsel.

Plaintiffs and Plaintiffs' Counsel believe that the claims asserted in the Action have merit and that their investigation supports the claims asserted. Without conceding the merit of any of Defendants' defenses or the lack of merit of any of their own allegations, and in light of the benefits of the Settlement, as well as to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including potential trials and appeals, Plaintiffs have concluded that it is desirable that the Action and Litigation Demand be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Plaintiffs and Lead Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the Defendants through trials and possible appeals. Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as the Action, as well as the difficulties and delays inherent in such litigation. Based on their evaluation, and in light of the substantial benefits conferred upon the Company and its shareholders as a result of the Settlement, Plaintiffs and Lead Counsel have determined that the Settlement is in the best interests of Plaintiffs, Ocean Power, and Current

Ocean Power Stockholders (as defined herein), and have agreed to settle the Action upon the terms and subject to the conditions set forth herein.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, all allegations of wrongdoing, fault, liability or damage to Plaintiffs, to the Company, or to the Company's current and former stockholders. Defendants deny that they breached any fiduciary duties; deny that the Company's disclosures were deficient in any way; and deny that they acted in bad faith or improperly in any way. To the contrary, Defendants believe that they have acted properly, lawfully, and in full accord with their fiduciary duties, at all times, and that the claims and allegations in the Consolidated Amended Complaint have no merit. Without admitting the validity of any of the claims that Lead Plaintiff has asserted in the Action, or any liability with respect thereto, Defendants are entering into this Settlement because it will eliminate the uncertainty, distraction, disruption, burden, and expense of further litigation of the Action and because the Company has determined that the Settlement, including the agreed-to corporate governance reforms, confer substantial benefits upon Ocean Power and Current Ocean Power Stockholders.

Neither this Stipulation, nor any of its terms or provisions, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is, may be construed as, or may be used as, an admission of, or evidence of, the truth or validity of any of the Released Claims, of any claims or allegations made in the Action or the Litigation Demand, or of any purported acts or omissions by the Defendants; (b) is, may be construed as, or may be used as, an admission of, or evidence of, any fault, omission, negligence, or wrongdoing by the Defendants, or any concession of liability whatsoever; or (c) is, may be construed as, or may be used as an admission

- 7 -

of, or evidence of, a concession by any Defendant of any infirmity in the defenses that Defendants asserted or could have asserted in this Action, to the Litigation Demand, or otherwise.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

The Settling Parties, by and through their respective counsel or attorneys of record, hereby stipulate and agree that, subject to approval by the Court, in consideration of the substantial benefits flowing to the Settling Parties hereto, the Action and all of the Released Claims shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, upon the terms and subject to the conditions set forth herein as follows:

### 1.   Definitions

As used in this Stipulation, the following terms have the meanings specified below.  In the event of any inconsistency between any definition set forth below and any definition set forth in any document attached as an exhibit to this Stipulation, the definitions set forth below shall control.

1.1   "Board" means the Board of Directors of Ocean Power Technologies, Inc.

1.2   "Court" refers to the U.S. District Court for the District of New Jersey.

1.3   "Action" refers to the above-captioned consolidated shareholder derivative action pending in the U.S. District Court for the District of New Jersey, captioned *Labare v. Dunleavy, et al.*, Case No. 3:15-cv-01980-FLW-LHG.

1.4   "Current Ocean Power Stockholders" means any Persons (defined below) who owned Ocean Power common stock as of the date of October 23, 2017 and who continue to hold their Ocean Power common stock as of the date of the Settlement Hearing.

- 8 -

1.5 "Defendants" means, collectively, the Individual Defendants and nominal defendant Ocean Power.

1.6 "Defendants' Counsel" means (i) Dechert LLP, 2929 Arch Street, Philadelphia, Pennsylvania 19104; (ii) Sills Cummis & Gross P.C., One Riverfront Plaza, Newark, New Jersey 07102; (iii) Cooley LLP, 1114 Avenue of the Americas, New York, New York 10036; (iv) Pepper Hamilton LLP, 301 Carnegie Center, Suite 400, Princeton, NJ 08543-5276; and (v) Cahill Gordon & Reindel LLP, 80 Pine Street, New York, NY 10005-1702.

1.7 "Effective Date" means the first date by which all of the events and conditions specified in ¶ 6.1 herein have been met and have occurred.

1.8 "Fee Award" means the sum of three hundred and fifty thousand dollars ($350,000.00) to be paid by the Company's Insurer to Plaintiffs' Counsel for their attorneys' fees and expenses, as detailed in ¶¶ 5.1-5.2 of this Stipulation, subject to approval by the Court.

1.9 "Final" means the time when an order or judgment that has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process (including potential writ proceedings) or because of passage, without action, of time for seeking appellate or writ review. More specifically, it is that situation when (1) either no appeal or petition for review by writ has been filed and the time has passed for any notice of appeal or writ petition to be timely filed in an action; or (2) an appeal has been filed and the court of appeals has either affirmed the order or

judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (3) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the order or judgment or dismissing the appeal or writ proceeding.   Any appeal or proceeding seeking judicial review pertaining solely to the Fee Award shall not in any way delay or affect the time set forth above for the Judgment to become Final.

1.10    "Insurer" means National Union Fire Insurance Company of Pittsburgh, PA and is inclusive of its respective reinsurers.

1.11    "Judgment" means the final order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit D.

1.12    "Ocean Power" or the "Company" means nominal defendant Ocean Power Technologies, Inc.

1.13    "Individual Defendants" means, collectively: Charles Dunleavy, Mark A. Featherstone, Terence J. Cryan, Dr. George W. Taylor, Eileen M. Competti, David L. Keller, George H. Kirby III, Dean J. Glover, and Seymour S. Preston III.

1.14    "Notice to Current Ocean Power Stockholders" or "Notice" means the Notice to Current Ocean Power Stockholders, substantially in the form of Exhibit B attached hereto.

1.15    "Settling Parties" means, collectively, Plaintiffs, each of the Individual Defendants, and nominal defendant Ocean Power.

1.16   "Person(s)" means an individual, corporation, limited liability company, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their spouses, heirs, predecessors, successors, administrators, parents, subsidiaries, affiliates, representatives, or assignees.

1.17   "Preliminary Approval Order" means the order to be entered by the Court, substantially in the form of Exhibit C attached hereto that, *inter alia*, preliminarily approves the terms and conditions of the Settlement as set forth in this Stipulation, directs that notice be provided to Current Ocean Power Stockholders, and schedules a Settlement Hearing to consider whether the Settlement and Fee Award should be finally approved.

1.18   "Related Persons" means each of the Defendants' past, present, or future family members, spouses, domestic partners, parents, associates, affiliates, divisions, subsidiaries, officers, directors, stockholders, owners, members, representatives, employees, attorneys, financial or investment advisors, consultants, underwriters, investment banks or bankers, commercial bankers, Insurers, excess insurers, co-insurers, advisors, principals, agents, heirs, executors, trustees, estates, beneficiaries, distributees, foundations, general or limited partners or partnerships, joint ventures, personal or legal representatives, administrators, or any other person or entity acting or purporting to act for or on behalf of any of the Individual

Defendants or the Company, and each of their respective predecessors, successors, and assigns.

1.19  "Released Claims" means, collectively, all claims (including Unknown Claims), demands, debts, losses, damages, duties, rights, disputes, actions, causes of action, liabilities, obligations, judgments, suits, matters, controversies, proceedings, or issues, of any kind, nature, character, or description whatsoever (and including, but not limited to, any claims for damages, whether compensatory, consequential, special, punitive, exemplary, or otherwise, and any and all fees, costs, interest, expenses, or charges), whether known or unknown, at law or in equity, based on federal, state, local, foreign, international, statutory or common law or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, suspected or unsuspected, that have been asserted, could have been asserted, or in the future could be asserted by Ocean Power, or by Plaintiffs and/or any Ocean Power shareholder derivatively on behalf of Ocean Power, against any Released Persons (i) arising out of, relating to, or in connection with the facts, allegations, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act that were alleged in the Action or in the Litigation Demand or otherwise based on the same set of operative facts as alleged in the Action or in the Litigation Demand, and (ii) arising out of, relating to, or in connection with the prosecution, defense, settlement or resolution of the Action or the Litigation Demand against the Released Persons. Released Claims shall not include claims to enforce the Settlement.

- 12 -

1.20    "Defendants' Released Claims" means any and all claims, debts, rights, or causes of action or liabilities, including Unknown Claims, that could be asserted in any forum by the Released Persons against Plaintiffs, their beneficiaries, or Plaintiffs' Counsel that arise out of or relate in any way to the institution, prosecution, or settlement of the Action.  Defendants' Released Claims shall not include claims to enforce the Settlement.

1.21    "Released Person(s)" means, collectively, each and all of the Defendants and their Related Persons.

1.22    "Lead Counsel" means the Rosen Law Firm, P.A.

1.23    "Lead Plaintiff" means Angelo Pucillo.

1.24    "Plaintiffs" means, collectively: Lead Plaintiff, Joseph LaCalamito, Jared L. Rywolt, and Douglas Labare.

1.25    "Plaintiffs' Counsel" means: (i) The Rosen Law Firm, P.A., 275 Madison Avenue, 34th Floor, New York, New York 10016; (ii) The Brown Law Firm, P.C., 240 Townsend Square, Oyster Bay, New York 11771; (iii) Gainey McKenna & Egleston, 440 Park Avenue South, New York, New York 10016; (iv) Federman & Sherwood, 10205 North Pennsylvania Avenue, Oklahoma City, Oklahoma 73120; (v) Hynes Keller & Hernandez, LLC, 1150 First Avenue, Suite 501, King of Prussia, Pennsylvania 19406; (vi) Bragar Eagel & Squire, P.C., 885 Third Avenue, Suite 3040, New York, New York 10022; (vii) Pawar Law Group, P.C., 20 Vesey Street, Suite 1210, New York, New York 10007; and (viii) Gardy & Notis, LLP, 560 Sylvan Avenue, Suite 3085, Englewood Cliffs, New Jersey 19406.

- 13 -

1.26   "Settlement" means the settlement of the Action as documented in this Stipulation.

1.27   "Settlement Hearing" means a hearing by the Court to review the adequacy, fairness, and reasonableness of the Settlement set forth in this Stipulation and to determine: (i) whether to enter the Judgment; and (ii) all other matters properly before the Court.

1.28   "Stipulation" means this Stipulation and Agreement of Settlement, dated October 23, 2017.

1.29   "Unknown Claims" means any Released Claims which any Plaintiff, Ocean Power, or any Ocean Power stockholder does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, including claims which, if known by him, her, or it, might have affected his, her, or its settlement with the Defendants and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Ocean Power shall expressly waive, and each of the Ocean Power stockholders shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and Ocean Power shall expressly waive, and each of the Ocean Power stockholders shall be deemed to have, and by operation of the Judgment shall have,

expressly waived any and all provisions, rights, and benefits conferred by any U.S. federal law or any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code § 1542.  The Settling Parties acknowledge that they may discover facts in addition to or different from those now known or believed to be true by them with respect to the Released Claims, but it is the intention of the Settling Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all of the Released Claims known or unknown, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. Plaintiffs and Ocean Power acknowledge, and each of the Ocean Power stockholders shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and was a material element of the Settlement.  With respect to Defendants' Released Claims, "Unknown Claims" means any and all Defendants' Released Claims, of every nature and description, which the Released Persons do not know or suspect to exist in their favor at the time of the release of Plaintiffs, their beneficiaries, or Plaintiffs' Counsel, which, if known by them, might have affected their decisions with respect to the release of Defendants' Released Claims or the Settlement.

## 2.   Terms of the Settlement

2.1     The benefits of the Settlement consist of corporate governance reforms, the terms of which are fully set forth in Exhibit A attached hereto (the "Reforms").  Ocean Power

- 15 -

acknowledges that the filing and pendency of the Action and the making of the § 220 Demands and Litigation Demand were a substantial contributing factor to the Company's decision to implement and/or continue to implement the Reforms. The Company agrees that the Reforms provide substantial benefits to Ocean Power and Current Ocean Power Stockholders. Ocean Power always has been, and continues to be, committed to the implementation, enhancement, and enforcement of rigorous corporate governance measures. The fact that Ocean Power has implemented, or has agreed to implement, changes, modifications, or enhancements to its corporate governance policies and practices shall not be construed as an admission that any such enhanced policies or practices are legally required, or to the extent such policies or practices were not in place in the past, constituted a failure of compliance, a breach of any duty, or any other wrongdoing.

2.2     Within sixty (60) calendar days after the Court enters the Judgment, Ocean Power shall take all necessary steps to adopt and implement the Reforms to the extent it has not already done so. The Reforms shall be maintained for a period of no less than three (3) years after the Court enters the Judgment, subject to the terms and conditions set forth in Exhibit A attached hereto.

3. **Procedure for Implementing the Settlement**

3.1     No later than seven (7) calendar days after execution of this Stipulation, Lead Plaintiff shall submit this Stipulation, together with its exhibits, to the Court and apply for entry of the Preliminary Approval Order in this Court, substantially in the form of Exhibit C attached hereto, requesting, *inter alia*: (i) preliminary approval of the Settlement set forth in this Stipulation; (ii) approval of the method of providing notice of the proposed Settlement to Current Ocean Power

Stockholders; (iii) approval of the form of Notice substantially in the form of Exhibit B attached hereto; and (iv) a date for the Settlement Hearing.

3.2     Within seven (7) calendar days after the Court's entry of the Preliminary Approval Order, Ocean Power shall: (i) cause a Current Report on Form 8-K to be filed with the SEC that attaches a copy of the Notice; and (ii) post on the investor relations portion of its website the Notice together with the Stipulation.  The Company shall pay all reasonable expenses incurred in filing the Form 8-K and posting the Notice and Stipulation to its website. The Settling Parties believe the content of the Notice and the manner of the notice procedures set forth in this paragraph constitute adequate and reasonable notice to Current Ocean Power Stockholders pursuant to applicable law and due process.

3.3     Lead Counsel shall request that the Court hold the Settlement Hearing at least thirty (30) calendar days after the notice described in ¶ 3.2 above is given to Current Ocean Power Stockholders to approve the Settlement and the Fee Award.

3.4     Pending the Court's determination as to final approval of the Settlement, Plaintiffs and Plaintiffs' Counsel, and all other Persons, including, but not limited to, any Current Ocean Power Stockholders, whether acting directly, representatively, or derivatively on behalf of Ocean Power, or in any other capacity, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons, in any court or tribunal.

4. **Releases**

4.1     Upon the Effective Date, Ocean Power, Plaintiffs (acting on their own behalf and derivatively on behalf of Ocean Power), and each of Ocean Power's stockholders shall be deemed

to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons.  Ocean Power, Plaintiffs, and each of Ocean Power's stockholders shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons.

4.2     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiffs, their beneficiaries, and Plaintiffs' Counsel from any and all Defendants' Released Claims. The Released Persons shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue Plaintiffs, their beneficiaries, or Plaintiffs' Counsel with respect to any claims arising out of, relating to, or in connection with their institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against Plaintiffs, their beneficiaries, or Plaintiffs' Counsel.

4.3     Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

## 5.  Plaintiffs' Counsel's Attorneys' Fees and Expenses

5.1     After completing negotiations of the material terms of the Settlement, the Company's counsel and Lead Counsel and certain Plaintiffs' Counsel engaged in an arm's-length negotiation regarding attorneys' fees and reimbursement of expenses.  In recognition of the substantial benefits provided to Ocean Power and Current Ocean Power Stockholders as a result

of the settlement of the Action, Ocean Power has agreed to cause its Insurer to pay to Plaintiffs' Counsel an award of attorneys' fees and expenses in the total amount of three hundred and fifty thousand dollars ($350,000.00) (the "Fee Award"), subject to approval by the Court. Plaintiffs and the Company mutually agree that the Fee Award is fair and reasonable in light of the substantial benefits conferred upon Ocean Power and Current Ocean Power Stockholders by this Stipulation.

5.2     Ocean Power shall cause its Insurer to wire or pay by check, at the sole election of the Insurer, the Fee Award to Lead Counsel within fifteen (15) business days after the later of (i) the Court's entering the Preliminary Approval Order; or (ii) Lead Counsel providing all necessary payment details to accomplish payment of the Fee Award, including bank account number, name of bank, bank address, a Sort Code or ABA Routing Number, wire transfer instructions, the Tax Identification Number, and an executed Form W-9. Lead Counsel shall deposit the Fee Award into its escrow account (the "Escrow Account"). Defendants and Defendants' Counsel shall have no responsibility for, nor bear any risk or liability with respect to, the Escrow Account, its operation, and any taxes or expenses incurred in connection with the Escrow Account. Plaintiffs' Counsel shall be solely responsible for any administrative costs associated with the Escrow Account as well as the filing of all informational and other tax returns with the Internal Revenue Service, or any other state or local taxing authority, as may be necessary or appropriate.

5.3     The Fee Award shall remain in the Escrow Account until the entry of the Judgment by the Court finally approving the Settlement, at which time the Fee Award shall be immediately releasable to Plaintiffs' Counsel. Should the Court order the payment of attorneys' fees and expenses to Plaintiffs' Counsel in an amount less than the Fee Award, then only the Court-

approved amount shall be released to Plaintiffs' Counsel and the remaining amount shall be returned to the Insurer within fifteen (15) business days.

5.4     Payment of the Fee Award in the amount approved by the Court shall constitute final and complete payment for Plaintiffs' Counsel's attorneys' fees and expenses that have been incurred or will be incurred in connection with the filing and prosecution of the Action and the resolution of the claims alleged therein.   Defendants and Defendants' Counsel shall have no responsibility for the allocation or distribution of the Fee Award amongst Plaintiffs' Counsel, which allocation and distribution shall be governed by agreements Lead Counsel has entered with the other Plaintiffs' Counsel.   Defendants, including Ocean Power, shall have no obligation to make any payment to any Plaintiffs' Counsel other than Ocean Power's obligation to cause the Insurer to make the payment provided in ¶¶ 5.1-5.3 herein.

5.5     If for any reason any condition in ¶ 6.1 is not met and the Effective Date of the Stipulation does not occur, if the Stipulation is in any way canceled or terminated, or if the Judgment does not become Final, then each of Plaintiffs' Counsel and their successors shall be obligated to repay to the Insurer, within fifteen (15) business days, the amount of the Fee Award paid by the Insurer.   In the event of any failure to obtain final approval of the full amount of the Fee Award, or upon any appeal and/or further proceedings on remand, or successful collateral attack, which results in the Fee Award being overturned or substantially modified, each of Plaintiffs' Counsel and their successors shall be obligated to repay to the Insurer, within fifteen (15) business days, the portion of the Fee Award paid by the Insurer that they received and that was ultimately not awarded to Plaintiffs' Counsel.   Any reduction, modification, or non-approval of the Fee Award shall not in any way delay or preclude the Judgment from becoming Final and

the approval of the Settlement shall not be conditioned in any way on the approval of the Fee Award. Each of Plaintiffs' Counsel that receives any portion of the Fee Award is subject to the Court's jurisdiction for the purposes of enforcing this paragraph or the provisions related to the Fee Award.

5.6     Except as otherwise provided herein, each of the Settling Parties shall bear his, her, or its own costs and attorneys' fees.

5.7     In light of the substantial benefits they have helped to create for all Current Ocean Power Stockholders, each of the Plaintiffs may apply for a Court-approved service award in the amount of one thousand five hundred dollars ($1,500.00) (the "Service Awards"). The Service Awards, to the extent that they are applied for and approved in whole or part, shall be funded from the portion of the Fee Award distributed to Plaintiffs' Counsel, to the extent that the Fee Award is approved in whole or in part. Defendants shall take no position on the Service Awards and shall have no obligation to pay them.

## 6. <u>Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination</u>

6.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

      (i)     the approval by Ocean Power's Board of the Stipulation;

      (ii)    The Court's approval of the Preliminary Approval Order substantially in the form of Exhibit C;

      (iii)   the payment of the Fee Award in accordance with ¶¶ 5.1-5.2 hereof;

      (iv)    the Court's entry of the Judgment, substantially in the form of Exhibit D; and

- 21 -

(v)     the Judgment has become Final.

6.2     If any of the conditions specified in ¶ 6.1 are not met, then the Stipulation shall be canceled and terminated subject to ¶ 6.3, and the Settling Parties shall be restored to their respective positions in the Action and with respect to the Litigation Demand as of the date immediately preceding the date of this Stipulation, unless Lead Counsel and Defendants' Counsel mutually agree in writing on behalf of the Settling Parties to proceed with the Stipulation.

6.3     In the event that the Stipulation is not approved by the Court, or the Settlement is terminated for any reason, the Settling Parties shall be restored to their respective positions in the Action and with respect to the Litigation Demand as of the date immediately preceding the date of this Stipulation, and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any of the Settling Parties of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

7.  **Miscellaneous Provision**

7.1     The Settling Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

7.2     The Settling Parties agree that the terms of the Settlement were negotiated in good faith and at arm's-length by Plaintiffs and Ocean Power, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with competent legal counsel. Except in the event of termination of the Settlement, the Settling Parties agree not to assert under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.  The Settling Parties also will request that the Judgment contain a finding that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11 and all other similar rules of professional conduct.

7.4     Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including any exhibits attached hereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action, in the Litigation Demand, or in any litigation, or the deficiency or infirmity of any defense that has been or could have been asserted in the Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any

- 23 -

fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person, or against Plaintiffs as evidence of any infirmity in their claims;

(c)  shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal. Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them hereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

7.5     The exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all the Settling Parties or their respective successors-in-interest.  After prior

notice to the Court, but without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of this Stipulation.

7.7    This Stipulation and the exhibits attached hereto represent the complete and final resolution of all disputes among the Settling Parties with respect to the Action, constitute the entire agreement among the Settling Parties, and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such matters.

7.8    The waiver by one party of any breach of the Settlement by any other party shall not be deemed a waiver of any other prior or subsequent breach of the Settlement.  The provisions of the Settlement may not be waived except by a writing signed by the affected party, or counsel for that party.

7.9    The headings in the Stipulation and its exhibits are used for the purpose of convenience only and are not meant to have legal effect.

7.10    The Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Released Persons.  The Settling Parties agree that this Stipulation will run to their respective successors-in-interest, and they further agree that any planned, proposed or actual sale, merger or change-in-control of Ocean Power shall not void this Stipulation, and that in the event of a planned, proposed or actual sale, merger or change-in-control of Ocean Power they will continue to seek final approval of this Stipulation expeditiously, including, but not limited to, the Settlement terms reflected in this Stipulation and the Fee Award.

7.11    The Stipulation and the exhibits attached hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New Jersey and

the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New Jersey without giving effect to that State's choice of law principles. No representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

7.12    This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

7.13    All agreements made and orders entered during the course of the Action in response to the § 220 Demands relating to the confidentiality of information and documents shall survive this Stipulation.

7.14    Nothing in this Stipulation, or the negotiations or proceedings relating to the Settlement, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the joint defense privilege, the accountants' privilege, or work product immunity; further, all information and documents transmitted between Plaintiffs' Counsel and Defendants' Counsel in connection with the Settlement shall be kept confidential and shall be inadmissible in any proceeding in any U.S. federal or state court or other tribunal or otherwise, in accordance with Rule 408 of the Federal Rules of Evidence as if such Rule applied in all respects in any such proceeding or forum.

- 26 -

7.15     The Settling Parties intend that the Court retain jurisdiction for the purpose of effectuating and enforcing the terms of the Settlement.

7.16     Each counsel or other Person executing the Stipulation or its exhibits on behalf of any of the Settling Parties hereby warrants that such Person has the full authority to do so.  The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and their Related Persons.

7.17     Any notice required by this Stipulation shall be submitted by overnight mail and e-mail to each of the signatories below.

7.18     The Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dates as of October 23, 2017.


THE ROSEN LAW FIRM, P.A.


Laurence M. Rosen
Erica Stone
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Facsimile: (973) 833-0399
Email: lrosen@rosenlegal.com
Email: estone@rosenlegal.com

*Lead Counsel for Plaintiffs*

- 27 -

**THE BROWN LAW FIRM, P.C.**
Timothy W. Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**GAINEY McKENNA & EGLESTON**
Barry J. Gainey
95 Route 17 South, Suite 310
Paramus, NJ 07652
Telephone: (201) 225-9001
Facsimile: (201) 225-9002
Email: bgainey@gme-law.com

Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

**FEDERMAN & SHERWOOD**
William B. Federman
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
Email: wbf@federmanlaw.com

**PAWAR LAW GROUP P.C.**
Vik Pawar
20 Vesey Street, Suite 1210
New York, NY 10007
Telephone: (212) 571-0805
Email: vik@pawarlaw.com

**BRAGAR EAGEL & SQUIRE, P.C.**
J. Brandon Walker
Todd H. Henderson

- 28 -

885 Third Avenue, Suite 3040
New York, NY 10022
Telephone: (212) 308-5858
Email: walker@bespc.com
Email: henderson@bespc.com

**HYNES KELLER & HERNANDEZ, LLC**
Michael J. Hynes
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Telephone: (610) 994-0292
Email: mhynes@hkh-lawfirm.com

**GARDY & NOTIS, LLP**
James S. Notis
Jennifer Sarnelli
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, NJ 19406
Telephone: (201) 567-7377
Email: jsarnelli@gardylaw.com

*Additional Counsel for Plaintiffs*

**DECHERT LLP**

Michael L. Kichline
Stuart T. Steinberg
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-2521
Facsimile: (215) 655-2521
Email: stuart.steinberg@dechert.com

*Counsel for Nominal Defendant Ocean Power
Technologies, Inc., and Defendants Mark A.
Featherstone, George H. Kirby III*

**SILLS CUMMIS & GROSS, P.C.**

Jeffrey J. Greenbaum
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000

- 29 -

Facsimile: (973) 643-6500

-and-

COOLEY LLP

Ian Shapiro
The Grace Building
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 479-6441
Facsimile: (212) 479-6275
Email: ishapiro@cooley.com

*Counsel for Defendant Charles Dunleavy*

PEPPER HAMILTON LLP

Angelo A. Stio III
301 Carnegie Center, Suite 400
Princeton, NJ 08543-5276
Telephone: (609) 951-4125
Facsimile: (609) 452-1147
Email: stioa@pepperlaw.com

*Counsel for Defendant George Taylor*

CAHILL GORDON & REINDEL LLP

David G. Januszewski
Bradley J. Bondi
80 Pine Street
New York, NY 10005-1702
Telephone: (212) 701-3710
Facsimile: (866) 836-0501
Email: djanuszewski@cahill.com
Email: bbondi@cahill.com

*Counsel for Defendants Eileen M. Competti,*
*Terence J. Cryan, Dean J. Glover, David L. Keller,*
*and Seymour S. Preston, III*

- 30 -

Facsimile: (973) 643-6500

-and-

**COOLEY LLP**

_____

Ian Shapiro
The Grace Building
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 479-6441
Facsimile: (212) 479-6275
Email: ishapiro@cooley.com

*Counsel for Defendant Charles Dunleavy*

**PEPPER HAMILTON LLP**

_____

Angelo A. Stio III
301 Carnegie Center, Suite 400
Princeton, NJ 08543-5276
Telephone: (609) 951-4125
Facsimile: (609) 452-1147
Email: stioa@pepperlaw.com

*Counsel for Defendant George Taylor*

**CAHILL GORDON & REINDEL LLP**

_____

David G. Januszewski
Bradley J. Bondi
80 Pine Street
New York, NY 10005-1702
Telephone: (212) 701-3710
Facsimile: (866) 836-0501
Email: djanuszewski@cahill.com
Email:  bbondi@cahill.com

*Counsel for Defendants Eileen M. Competti,*
*Terence J. Cryan, Dean J. Glover, David L. Keller,*
*and Seymour S. Preston, III*

- 30 -

Facsimile: (973) 643-6500

-and-

**COOLEY LLP**

_____

Ian Shapiro
The Grace Building
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 479-6441
Facsimile: (212) 479-6275
Email: ishapiro@cooley.com

_Counsel for Defendant Charles Dunleavy_

**PEPPER HAMILTON LLP**

_____

Angelo A. Stio III
301 Carnegie Center, Suite 400
Princeton, NJ 08543-5276
Telephone: (609) 951-4125
Facsimile: (609) 452-1147
Email: stioa@pepperlaw.com

_Counsel for Defendant George Taylor_

**CAHILL GORDON & REINDEL LLP**

_____

David G. Januszewski
Bradley J. Bondi
80 Pine Street
New York, NY 10005-1702
Telephone: (212) 701-3710
Facsimile: (866) 836-0501
Email: djanuszewski@cahill.com
Email:  bbondi@cahill.com

_Counsel for Defendants Eileen M. Competti,
Terence J. Cryan, Dean J. Glover, David L. Keller,
and Seymour S. Preston, III_

- 30 -

# EXHIBIT A

## CORPORATE GOVERNANCE REFORMS

### I.    DIRECTOR EDUCATION AND TRAINING

Ocean Power Technologies, Inc. (the "Company") will provide a mandatory training session at least once per year to the board of directors of Ocean Power Technologies, Inc. (the "Board") as part of a regularly scheduled meeting of the Board. The training will be conducted by the Company's outside counsel and cover the following topics: (i) corporate governance; (ii) risk assessment; and (iii) public company reporting. The training will be designed to provide the directors with a general understanding of the standards governing the Company's public disclosure obligations, including rules and regulations of the Securities and Exchange Commission and the concept of "materiality" and how to apply it. The training also will be designed to provide the directors with a general understanding of their fiduciary duties and to update them on key corporate law developments.

### II.    RISK MONITORING

Company management as determined by the Company's President shall brief the Board at least four times per year on the subject of material risks to the Company. The briefings shall be based on an Enterprise Risk Management Matrix prepared by Company management and reviewed and updated as appropriate. The purpose of the Enterprise Risk Management Matrix is to identify, analyze, and rank material risks facing the Company and develop appropriate risk mitigation strategies and plans.

### III .    CONTRACT MONITORING

Company management as determined by the Company's President shall brief the Board at least once per year on the Company's material contracts for the development or sale of

products or services.  The briefing will cover for each material contract (i) the parties; (ii) the material terms; (iii) the status of performance; and (iv) a discussion of material issues or risks.

## IV.      MEETINGS IN EXECUTIVE SESSION

The independent directors on the Board will meet in executive session four times annually outside the presence of any director who serves as an officer of the Company.

## V.       EMPLOYEE COMPLIANCE TRAINING

The Company will provide all employees with appropriate online compliance training using the third party vendor known as Compliance Wave or an equivalent online compliance provider. All employees will be required to complete a training program annually covering compliance-related topics selected by Company management. The training will reinforce the requirements of the Company's Code of Business Conduct and Ethics and Insider Trading Policy. Employees will be required to certify that they completed the training program.

## VI.      DISCLOSURE COMMITTEE

The Company will continue to operate its Disclosure Committee in accordance with the Disclosure Committee Charter dated March 10, 2016. The purpose of the Disclosure Committee is to assist the Company's Chief Executive Officer and Chief Financial Officer in fulfilling their responsibility to oversee the accuracy, completeness, and timeliness of the Company's public disclosures.

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DOUGLAS LABARE, Derivatively on Behalf of
OCEAN POWER TECHNOLOGIES, INC.,

        Plaintiff,

      vs.

CHARLES DUNLEAVY, MARK A.
FEATHERSTONE, TERENCE J. CRYAN, DR.
GEORGE W. TAYLOR, EILEEN M. COMPETTI,
DAVID L. KELLER, GEORGE H. KIRY III,
DEAN J. GLOVER, AND SEYMOUR S.
PRESTON III,

        Defendants,

        And

OCEAN POWER TECHNOLOGIES, INC.,

        Nominal
Defendant.

Case No.: 3:16-cv-01980-FLW-LHG

## NOTICE TO CURRENT OCEAN POWER STOCKHOLDERS OF PROPOSED SETTLEMENT

**TO:** ALL OWNERS OF OCEAN POWER TECHNOLOGIES, INC. ("OCEAN POWER") COMMON STOCK (TICKER SYMBOL: OPTT) AS OF OCTOBER 23, 2017, WHO CONTINUE TO OWN SUCH SHARES.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF STOCKHOLDER DERIVATIVE LITIGATION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS ACTION.

IF THE COURT APPROVES THE SETTLEMENT AND DISMISSAL OF THE ACTION, STOCKHOLDERS OF OCEAN POWER WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE SETTLED CLAIMS. THIS ACTION IS NOT A "CLASS ACTION." THUS, THERE IS NO COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR A MONETARY PAYMENT.

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS RESPECTING THE MERITS OF THE ACTION. THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT. IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Federal Rule of Civil Procedure 23.1 and an Order from the Honorable Freda L. Wolfson of the U.S. District Court for the District of New Jersey (the "Court"), that a proposed settlement agreement has been reached among Plaintiffs,[1] derivatively on behalf of Ocean Power Technologies, Inc. ("Ocean Power" or the "Company"), the Individual Defendants, and Ocean Power in connection with the above-captioned consolidated stockholder derivative action entitled *Labare v. Dunleavy, et al.*, Case No. 3:15-cv-01980-FLW-LHG (the "Action").

A Consolidated Amended Complaint was filed that makes claims derivatively on behalf of Ocean Power to remedy the alleged harm caused to the Company by the Individual Defendants' alleged breach of their fiduciary duties and other alleged misconduct. The proposed Settlement, if approved by the Court, would fully, finally and forever resolve the Action on the terms set forth in the Stipulation and summarized in this Notice, including the dismissal of the Action with prejudice.

As explained below, a Settlement Hearing shall be held before the Court on _____ __, 2017 at __:__ _.m., before the Honorable Freda L. Wolfson, at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, Court Room 5E, 402 East State Street, Trenton, New Jersey 08608, to determine whether, *inter alia*, the proposed Settlement, which is based on changes to the Company's governance practices and procedures, is fair, reasonable, and adequate, and should be finally approved by the Court and whether Plaintiffs' Counsel's Fee Award, including any Service Awards to Plaintiffs, should be finally approved. You have the right to object to the Settlement and the Fee Award in the manner provided herein. If you fail to object in the manner provided herein *at least fourteen (14) calendar days prior to the Settlement Hearing* or by _____, 2017, you will be deemed to have waived your objections and will be forever barred by the Judgment to be entered and the releases to be given, unless otherwise ordered by the Court.

This Notice is not intended to be and should not be construed as an expression of any opinion by the Court with respect to the merits of the claims or defenses made in the Action, but is merely to advise you of the proposed Settlement and of your rights as an owner of Ocean Power

---

[1] This Notice incorporates by reference the definitions in the Settling Parties' Stipulation and Agreement of Settlement, fully executed as of October 23, 2017 (the "Stipulation"), and all capitalized terms used herein, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation. A copy of the Stipulation may be inspected at the Clerk of the Court's Office for the U.S. District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, or by visiting Ocean Power's website at www.oceanpowertechnologies.com.

common stock as of October 23 2017 and through the date of the Settlement Hearing ("Current Ocean Power Stockholder").

## I.   BACKGROUND

### A.   Factual Background of the Action

Ocean Power develops and seeks to commercialize systems that generate electricity through harnessing the renewable energy of ocean waves.  Plaintiffs allege in the Action that the Individual Defendants, who are current or former directors and/or officers of Ocean Power, breached their fiduciary duties by causing the Company, through Victorian Wave Partners Pty Ltd ("VWP"), to enter a modified agreement ("Agreement") with the Australian Renewable Energy Agency ("ARENA") to build a renewable energy project off the Australian coast (the "Project") that was allegedly not commercially viable.  Plaintiffs also allege that the Individual Defendants breached their fiduciary duties by causing the Company to issue allegedly false and/or misleading statements regarding, among other things, the nature and/or circumstances of the Agreement and the commercial viability of the Project.

### B.   Procedural Background

On July 10, 2014, plaintiff Angelo Pucillo made a demand upon the board of directors of Ocean Power Technologies, Inc. (the "Board") to take certain actions in connection with alleged factual matters raised in the Action ("Litigation Demand"), and Pucillo thereafter agreed to defer the Litigation Demand while he participated in the § 220 Demand process described below.

On September 15, 2014, plaintiff Joseph LaCalamito ("LaCalamito") made a demand for books and records pursuant to Section 220 of the Delaware General Corporation Law ("§ 220 Demand"), and the Company thereafter responded and produced certain documents pursuant to the books and records demand.

3

On January 7, 2015, plaintiff Jared L. Rywolt ("Rywolt) made a § 220 Demand and the Company thereafter responded and produced certain documents pursuant to the books and records demand.

On March 18, 2015, plaintiff Douglas Labare ("Labare") filed a verified shareholder derivative complaint in this Court on behalf of Ocean Power, captioned *Labare v. Dunleavy, et al.*, Case No. 3:15-cv-01980-FLW-LHG (the "*Labare* Action"). Plaintiff Labare asserted claims against certain of the Individual Defendants for alleged breach of fiduciary duties, abuse of control, gross mismanagement, and unjust enrichment.

On May 18, 2015, the Court approved a stipulation and order that, among other things, stayed the *Labare* Action pending certain developments in a securities class action lawsuit captioned *In re Ocean Power Technologies, Inc. Securities Litigation*, C.A. 14-3799 (FLW) (the "Securities Action").

On July 10, 2015, plaintiff Rywolt filed a substantially similar shareholder derivative action in this Court on behalf of Ocean Power, captioned *Rywolt v. Dunleavy, et al.*, Case No. 3:15-cv-05469-PSG-LHG (the "*Rywolt* Action"). Plaintiff Rywolt asserted claims against certain of the Individual Defendants for alleged breaches of fiduciary duties, gross mismanagement, abuse of control, and unjust enrichment.

On February 8, 2016, the Court entered an order consolidating the *Rywolt* Action with the Action, appointing plaintiffs Labare and Rywolt as co-lead plaintiffs, and appointing The Rosen Law Firm, P.A. as lead counsel in the Action ("Lead Counsel").

On March 9, 2016, plaintiffs Labare and Rywolt filed a consolidated verified shareholder derivative complaint in the Action, asserting claims for alleged breach of fiduciary duty, abuse of control, gross mismanagement, and unjust enrichment ("Consolidated Amended Complaint").

4

On April 21, 2016, plaintiff LaCalamito filed a substantially similar verified shareholder derivative complaint in this Court on behalf of Ocean Power against the Individual Defendants and Bruce A. Peacock, and David L. Davis, captioned *LaCalamito v. Dunleavy et al.*, Case No. 3:16-cv-02249-PGS-LHG (the "*LaCalamito* Action").

On June 8, 2016, plaintiff Pucillo filed a substantially similar verified shareholder derivative complaint in this Court on behalf of Ocean Power against the Individual Defendants, captioned *Pucillo v. Dunleavy et al.*, Case No. 3:16-cv-03309-BRM-LHG (the "*Pucillo* Action"). Plaintiff Pucillo asserted claims against certain of the Individual Defendants for alleged breaches of fiduciary duties, abuse of control, and unjust enrichment.

On October 25, 2016, the Court entered an order consolidating the *LaCalamito* Action and the *Pucillo* Action with the Action, substituting Pucillo as the lead plaintiff in place of Labare and Rywolt, directing The Rosen Law Firm, P.A. to continue to serve as Lead Counsel in the Action, designating the Consolidated Amended Complaint as the operative complaint in the Action, removing Bruce A. Peacock and David L. Davis as defendants in the Action, and staying the Action pending a settlement hearing in the Securities Action and further order of the Court.

## C.     Settlement Negotiations

Lead Counsel, certain of Plaintiffs' Counsel, and counsel for the Company formally commenced settlement discussions on April 19, 2016 when Lead Counsel sent a settlement demand and corporate governance reforms term sheet to counsel for the Company. Thereafter, Lead Counsel and certain of Plaintiffs' Counsel continued to have extensive settlement negotiations with counsel for the Company that included numerous written exchanges with written corporate governance reforms proposals and counter-proposals, and numerous telephonic conferences. Plaintiffs and the Company engaged in good faith, arm's-length discussions with

regard to the possible settlement of the Action and reached an agreement in principle providing for the proposed settlement of the Action on the terms and conditions set forth in the Stipulation. Plaintiffs and the Company believe that the Settlement is in the best interests of Ocean Power and Current Ocean Power Stockholders.

## II.  PLAINTIFFS' COUNSEL'S INVESTIGATION AND RESEARCH, PLAINTIFFS' CLAIMS, AND THE BENEFIT OF SETTLEMENT

Plaintiffs' Counsel conducted investigations relating to the claims and the underlying events alleged in the Action and the Litigation Demand, including, but not limited to: (1) reviewing and analyzing the Company's public filings with the U.S. Securities and Exchange Commission ("SEC"), press releases, announcements, transcripts of investor conference calls, and news articles; (2) reviewing and analyzing the allegations contained in the related securities class action filed in the United States District Court for the District of New Jersey, captioned *In re Ocean Power Technologies, Inc. Securities Litigation*, Civil Action No. 14-3799; (3) researching and drafting the initial shareholder derivative complaints in the *Rywolt* Action, *Labare* Action, *LaCalamito* Action, and *Pucillo* Action; (4) researching and drafting the Section 220 Demands and Litigation Demand; (5) researching and drafting the Consolidated Amended Complaint; (6) reviewing hundreds of pages of internal corporate documents produced to the Plaintiffs by Ocean Power; (7) researching the applicable law with respect to the claims in the Action and the potential defenses thereto; (7) researching corporate governance best practices; (8) preparing extensive settlement demands and corporate governance reforms proposals; and (9) engaging in extensive settlement discussions with the Company's counsel.

Plaintiffs and Plaintiffs' Counsel believe that the claims asserted in the Action have merit and that their investigation supports the claims asserted.  Without conceding the merit of any of Defendants' defenses or the lack of merit of any of their own allegations, and in light of the benefits

of the Settlement, as well as to avoid the potentially protracted time, expense, and uncertainty associated with continued litigation, including potential trials and appeals, Plaintiffs have concluded that it is desirable that the Action and Litigation Demand be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Plaintiffs and Lead Counsel recognize the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the Defendants through trials and possible appeals.  Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially complex litigation such as the Action, as well as the difficulties and delays inherent in such litigation.  Based on their evaluation, and in light of the substantial benefits conferred upon the Company and its shareholders as a result of the Settlement, Plaintiffs and Lead Counsel have determined that the Settlement is in the best interests of Plaintiffs, Ocean Power, and Current Ocean Power Stockholders, and have agreed to settle the Action upon the terms and subject to the conditions set forth in the Stipulation and summarized herein.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, all allegations of wrongdoing, fault, liability or damage to Plaintiffs, to the Company, or to the Company's current and former stockholders. Defendants deny that they breached any fiduciary duties; deny that the Company's disclosures were deficient in any way; and deny that they acted in bad faith or improperly in any way.  To the contrary, Defendants believe that they have acted properly, lawfully, and in full accord with their fiduciary duties, at all times, and that the claims and allegations in the Consolidated Amended Complaint have no merit.  Had the Settlement not been reached, the Defendants would have continued to contest vigorously Lead Plaintiff's allegations, and Defendants maintain that they had and have meritorious defenses to all claims alleged in the Action.  Without admitting the validity

of any of the claims that Lead Plaintiff has asserted in the Action, or any liability with respect thereto, Defendants are entering into this Settlement because it will eliminate the uncertainty, distraction, disruption, burden, and expense of further litigation of the Action and because the Company has determined that the Settlement, including the agreed-to corporate governance reforms, confer substantial benefits upon Ocean Power and Current Ocean Power Stockholders.

## IV.     THE SETTLEMENT HEARING

The Settlement Hearing will be held before the Honorable Freda L. Wolfson on _____ __, 2017 at __:__ _.m. in Court Room 5E of the U.S. District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608 to determine: (i) whether the proposed Settlement, upon the terms set forth in the Stipulation, should be finally approved in all respects as fair, reasonable, and adequate; (ii) whether the Judgment approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Action with prejudice and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiffs' Counsel's Fee Award, including any Service Awards to Plaintiffs, should be finally approved. At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate. The Court may adjourn the date of the Settlement Hearing without further notice to Current Ocean Power Stockholders, and the Settlement Hearing may be continued by the Court at the Settlement Hearing, or at any adjourned session thereof, without further notice.

## V.     THE SETTLEMENT

The terms and conditions of the proposed Settlement, which is subject to approval by the Court, are set forth fully in the Stipulation described above. The following is only a summary of its terms. This summary should be read in conjunction with, and is qualified in its entirety by

8

reference to, the text of the Stipulation, which has been filed with the Court and is also available for viewing on the website of Ocean Power at www.oceanpowertechnologies.com.

The benefits of the Settlement consist of corporate governance reforms, the terms of which are fully set forth in Exhibit A attached to the Stipulation (the "Reforms") and listed below. Ocean Power has made, or agreed to make, the following changes to its corporate governance practices, policies and procedures:

### A.  Director Education and Training

The Company will provide a mandatory training session at least once per year to the Board as part of a regularly scheduled meeting of the Board. The training will be conducted by the Company's outside counsel and cover the following topics: (i) corporate governance; (ii) risk assessment; and (iii) public company reporting. The training will be designed to provide the directors with a general understanding of the standards governing the Company's public disclosure obligations, including rules and regulations of the Securities and Exchange Commission and the concept of "materiality" and how to apply it. The training also will be designed to provide the directors with a general understanding of their fiduciary duties and to update them on key corporate law developments.

### B.  Risk Monitoring

Company management as determined by the Company's President shall brief the Board at least four times per year on the subject of material risks to the Company. The briefings shall be based on an Enterprise Risk Management Matrix prepared by Company management and reviewed and updated as appropriate. The purpose of the Enterprise Risk Management Matrix is to identify, analyze, and rank material risks facing the Company and develop appropriate risk mitigation strategies and plans.

### 3.  Contract Monitoring

Company management as determined by the Company's President shall brief the Board at least once per year on the Company's material contracts for the development or sale of products or services. The briefing will cover for each material contract (i) the parties; (ii) the material terms; (iii) the status of performance; and (iv) a discussion of material issues or risks.

### 4.  Meetings in Executive Session

The independent directors on the Board will meet in executive session four times annually outside the presence of any director who serves as an officer of the Company.

### 5.     Employee Compliance Training

The Company will provide all employees with appropriate online compliance training using the third party vendor known as Compliance Wave or an equivalent online compliance provider. All employees will be required to complete a training program annually covering compliance-related topics selected by Company management. The training will reinforce the requirements of the Company's Code of Business Conduct and Ethics and Insider Trading Policy. Employees will be required to certify that they completed the training program.

### 6.     Disclosure Committee

The Company will continue to operate its Disclosure Committee in accordance with the Disclosure Committee Charter dated March 10, 2016. The purpose of the Disclosure Committee is to assist the Company's Chief Executive Officer and Chief Financial Officer in fulfilling their responsibility to oversee the accuracy, completeness, and timeliness of the Company's public disclosures.

Ocean Power acknowledges that the filing and pendency of the Action and the making of the § 220 Demands and Litigation Demand were a substantial contributing factor to the Company's decision to implement and/or continue to implement the Reforms.  The Company agrees that the Reforms will provide substantial benefits to Ocean Power and Current Ocean Power Stockholders.  Ocean Power always has been, and continues to be, committed to the implementation, enhancement, and enforcement of rigorous corporate governance measures.  The fact that Ocean Power has implemented, or has agreed to implement, changes, modifications, or enhancements to its corporate governance policies and practices shall not be construed as an admission that any such enhanced policies or practices are legally required, or to the extent such policies or practices were not in place in the past, constituted a failure of compliance, a breach of any duty, or any other wrongdoing.

Within sixty (60) calendar days after the Court enters the Judgment, Ocean Power shall take all necessary steps to adopt and implement the Reforms to the extent it has not already done so.  The Reforms shall be maintained for a period of no less than three (3) years after the Court

enters the Judgment, subject to the terms and conditions set forth in Exhibit A attached to the Stipulation.

## VI.   DISMISSAL AND RELEASES

In connection with the Court's approval of the Settlement, the Settling Parties will jointly request entry of the Judgment by the Court, dismissing with prejudice all claims that Plaintiffs have alleged in the Action and any other Released Claims.

Upon the Effective Date, Ocean Power, Plaintiffs, derivatively on behalf of Ocean Power, and each of Ocean Power's stockholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons. Ocean Power, Plaintiffs, and each of Ocean Power's stockholders shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Person with respect to such Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons.

Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, their beneficiaries, and Plaintiffs' Counsel from any and all Defendants' Released Claims.

## VII.   ATTORNEYS' FEES AND EXPENSES

After completing negotiations of the material terms of the Settlement, the Company's counsel and Lead Counsel and certain Plaintiffs' Counsel engaged in an arm's-length negotiation regarding attorneys' fees and reimbursement of expenses. In recognition of the substantial benefits provided to Ocean Power and Current Ocean Power Stockholders as a result of the settlement of

11

the Action, Ocean Power has agreed to cause its Insurer to pay to Plaintiffs' Counsel an award of attorneys' fees and expenses in the total amount of three hundred and fifty thousand dollars ($350,000.00) (the "Fee Award"), subject to approval by the Court. The Fee Award includes fees and expenses incurred by Plaintiffs' Counsel in connection with the prosecution and settlement of the Action, the Litigation Demand, and the § 220 Demands. To date, Plaintiffs' Counsel have not received any payments for their efforts on behalf of Ocean Power shareholders nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket litigation expenses. The Settling Parties mutually agree that the Fee Award is fair and reasonable in light of the substantial benefits conferred upon Ocean Power and Current Ocean Power Stockholders by the Settlement.

In light of the substantial benefits they have helped to create for all Current Ocean Power Stockholders, each of the Plaintiffs may apply for a Court-approved service award in the amount of one thousand five hundred dollars ($1,500.00) (the "Service Awards"). The Service Awards, to the extent that they are applied for and approved in whole or part, shall be funded from the portion of the Fee Award distributed to Plaintiffs' Counsel, to the extent that the Fee Award is approved in whole or in part. Defendants shall have no responsibility for the allocation or distribution of the Fee Award amongst Plaintiffs' Counsel, and Defendants shall take no position on the Service Awards and shall have no obligation to pay them.

## VIII.  THE RIGHT TO OBJECT AND/OR BE HEARD AT THE SETTLEMENT HEARING

Any Current Ocean Power Stockholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be approved as fair, reasonable, and adequate, why Judgment should not be entered thereon, or why the Fee Award, including any Service Awards, should not be finally approved. Unless otherwise ordered by the Court, no Current Ocean Power Stockholder shall be heard or entitled to contest the approval of the terms

and conditions of the Settlement, or, if approved, the Judgment to be entered approving the Settlement, or the Fee Award, unless that stockholder has, *at least fourteen (14) calendar days prior to the Settlement Hearing*: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of Ocean Power common stock as of October 23, 2017 and through the date of the Settlement Hearing, including the number of shares of Ocean Power common stock held and the date of purchase; (c) any and all documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current Ocean Power Stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing.  If a Current Ocean Power Stockholder files a written objection and/or written notice of intent to appear, such stockholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder files with the Court (either by hand delivery or by first class mail and postmarked at least fourteen (14) calendar days before the Settlement Hearing) upon each of the following:

|  |  |
|---|---|
| Laurence M. Rosen<br>THE ROSEN LAW FIRM, P.A.<br>609 W. South Orange Avenue, Suite 2P<br>South Orange, NJ 07079<br><br>*Lead Counsel for Plaintiffs* | Michael Kichline<br>Stuart T. Steinberg<br>DECHERT LLP<br>2929 Arch Street<br>Philadelphia, PA 19104<br><br>*Counsel for Nominal Defendant Ocean<br>Power Technologies, Inc., and* |

*Defendant Mark A. Featherstone and*
*George H. Kirby III*

Jeffrey J. Greenbaum
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102

-and-

Ian Shapiro
COOLEY LLP
1114 Avenue of the Americas
New York, NY 10036

*Counsel for Defendant Charles Dunleavy*

Angelo A. Stio III
PEPPER HAMILTON
301 Carnegie Center, Suite 400
Princeton, NJ 08543-5276

*Counsel for Defendant George Taylor*

Bradley J. Bondi
CAHILL GORDON & REINDEL LLP
80 Pine Street,
New York, NY 10005-1702

*Counsel for Defendants Eileen M. Competti,*
*Terence J. Cryan, Dean J. Glover, David L.*
*Keller, and Seymour S. Preston, III*

Any Current Ocean Power Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and the Fee Award, including any Service Awards, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

If you have no objection to the Settlement, you do not need to appear at the Settlement Hearing or take any other action.

## IX.   CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation, including the following: (1) the approval by the Board of the Stipulation; (2) the

Court's entry of the Preliminary Approval Order substantially in the form of Exhibit C to the Stipulation; (3) the payment of the Fee Award in accordance with ¶¶ 5.1 and 5.2 of the Stipulation; (4) the Court's entry of the Judgment substantially in the form of Exhibit D to the Stipulation; and (5) and the Judgment becoming Final.  If, for any reason, any one of the conditions described in the Stipulation is not met and/or the entry of the Judgment does not occur, then the Stipulation might be terminated and, if terminated, will become null and void, and the Settling Parties to the Stipulation will be restored to their respective positions as of the date immediately preceding the date of the Stipulation.

## X.    EXAMINATION OF PAPERS AND INQUIRIES

This Notice contains only a summary of the terms of the Settlement.  For a more detailed statement of the matters involved in the Actions, you should refer to the Stipulation, which may be inspected at the Clerk of the Court's Office, U.S. District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, during business hours of each business day, or by visiting Ocean Power's website at www.oceanpowertechnologies.com or the Rosen Firm's website at www.rosenlegal.com.

Any other inquiries regarding the Settlement or the Action should be addressed in writing to Lead Counsel for Plaintiffs in the Action, Laurence M. Rosen, The Rosen Law Firm, P.A., 609 W. South Orange Avenue, Suite 2P, South Orange, NJ 07079; Telephone: (973) 313-1887; Facsimile: (973) 833-0399.

**PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOUGLAS LABARE, Derivatively on Behalf of OCEAN POWER TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES DUNLEAVY, MARK A. FEATHERSTONE, TERENCE J. CRYAN, DR. GEORGE W. TAYLOR, EILEEN M. COMPETTI, DAVID L. KELLER, GEORGE H. KIRBY III, DEAN J. GLOVER, AND SEYMOUR S. PRESTON III, <br><br> Defendants, <br><br> And <br><br> OCEAN POWER TECHNOLOGIES, INC., <br><br> Nominal Defendant. | Case No.: 3:15-cv-01980-FLW-LHG |

## [PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the parties to the above-captioned consolidated shareholder derivative action (the "Action") have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the Stipulation and Agreement of Settlement dated October 23, 2017 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the Action with prejudice; and (ii) approving the form and content of the Notice to Current Ocean Power Stockholders (the "Notice"), in which Ocean Power shall cause a Current Report on Form 8-K to be filed with the SEC that attaches the Notice, and post on the investor relations portion of its website the Notice together with the Stipulation;

1

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all Settling Parties have consented to the entry of this Preliminary Approval Order,

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2.      A hearing (the "Settlement Hearing") shall be held before the Court on _____ __, 2017 at __:__ _.m.,[1] at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, Court Room 5E, 402 East State Street, Trenton, New Jersey 08608, to determine: (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to Ocean Power and Current Ocean Power Stockholders and should be finally approved by the Court; (ii) whether a Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Action with prejudice and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiffs' Counsel's Fee Award, including any Service Awards to Plaintiffs, should be finally approved.  At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

3.      The Court approves, as to form and content, the Notice attached as Exhibit B to the Stipulation, and finds that the posting of such Notice substantially in the manner and form set forth

---

[1]      The Settling Parties respectfully request that the Settlement Hearing be scheduled at least thirty (30) calendar days after the deadline for providing notice of the proposed Settlement to Current Ocean Power Stockholders.

in this Order meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current Ocean Power Stockholders and all other Persons entitled thereto. Non-material changes to the form of the Notice may be made without further approval of the Court.

4.      Not later than seven (7) calendar days following entry of this Order, Ocean Power shall: (i) cause a Current Report on Form 8-K to be filed with the SEC that attaches a copy of the Notice; and (iii) post on the Investor Relations portion of its website the Notice together with the Stipulation.

5.      All papers in support of the Settlement and the Fee Award, including any Service Awards, shall be filed with the Court and served at least twenty-one (21) calendar days prior to the Settlement Hearing, and any reply papers shall be filed with the Court at least seven (7) calendar days prior to the Settlement Hearing.

6.      Any Current Ocean Power Stockholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why the Fee Award, including any Service Awards, should not be finally approved. Unless otherwise ordered by the Court, no Current Ocean Power Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee Award, unless that stockholder has, at least fourteen (14) calendar days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of Ocean Power common stock as of October 23, 2017 and through the date of the Settlement Hearing, including the number of shares of Ocean Power common stock held and the date of purchase; (c) any and all

documentation or evidence in support of such objection; and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current Ocean Power Stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; (c) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (d) any and all evidence that would be presented at the Settlement Hearing.  If a Current Ocean Power Stockholder files a written objection and/or written notice of intent to appear, such stockholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such stockholder files with the Court (either by hand delivery or by first class mail and postmarked at least fourteen (14) calendar days before the Settlement Hearing) upon each of the following:

Laurence M. Rosen
THE ROSEN LAW FIRM, P.A.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079

*Lead Counsel for Plaintiffs*

Jeffrey J. Greenbaum
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102

Ian Shapiro
COOLEY LLP
1114 Avenue of the Americas
New York, NY 10036

*Counsel for Defendant Charles Dunleavy*

Michael Kichline
Stuart T. Steinberg
DECHERT, LLP
2929 Arch Street
Philadelphia, PA 19104

*Counsel for Nominal Defendant Ocean
Power Technologies, Inc. and
Defendants Mark A. Featherstone and
George H. Kirby III*

Angelo A. Stio III
PEPPER HAMILTON
301 Carnegie Center, Suite 400
Princeton, NJ 08543-5276

*Counsel for Defendant George Taylor*

4

Bradley J. Bondi
CAHILL GORDON & REINDEL LLP
80 Pine Street,
New York, NY 10005-1702

*Counsel for Defendants Eileen M. Competti,*
*Terence J. Cryan, Dean J. Glover, David L.*
*Keller, and Seymour S. Preston, III*

Any Current Ocean Power Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee Award, including any Service Awards, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

7.      At least ten (10) business days prior to the Settlement Hearing, Defendants' Counsel shall serve on The Rosen Law Firm, P.A., and file with the Court, proof, by affidavit or declaration, of the publication, filing, and posting of the Notice.

8.      All Current Ocean Power Stockholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Ocean Power Stockholders.

9.      Pending final determination of whether the Settlement should be approved, neither Plaintiffs or Plaintiffs' Counsel, nor any Current Ocean Power Stockholders or other Persons, either directly, representatively, or derivatively on behalf of Ocean Power, or in any other capacity, shall commence or prosecute, or in any way instigate or participate in the commencement or prosecution of, any action or proceeding asserting any Released Claims against any of the Individual Defendants, Ocean Power, or any other Released Person, in any court or tribunal.

10.     If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Action will revert to their status as of the date immediately preceding the date of the Stipulation.

11.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Ocean Power Stockholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current Ocean Power Stockholders.


IT IS SO ORDERED.

DATED: _____          _____
                                        HONORABLE FREDA L. WOLFSON
                                        UNITED STATES DISTRICT JUDGE

6

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOUGLAS LABARE, Derivatively on Behalf of OCEAN POWER TECHNOLOGIES, INC., | Case No.: 3:15-cv-01980-FLW-LHG |
| Plaintiff, | |
| vs. | |
| CHARLES DUNLEAVY, MARK A. FEATHERSTONE, TERENCE J. CRYAN, DR. GEORGE W. TAYLOR, EILEEN M. COMPETTI, DAVID L. KELLER, GEORGE H. KIRBY III, DEAN J. GLOVER, AND SEMOUR S. PRESTON III, | |
| Defendants, | |
| And | |
| OCEAN POWER TECHNOLOGIES, INC., | |
| Nominal Defendant. | |

## [PROPOSED] FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to this Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated _____ __, 2017 (the "Preliminary Approval Order"), on the application of the Settling Parties for final approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated October 23, 2017 (the "Stipulation"). Due and adequate notice having been given to Current Ocean Power Stockholders as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and except where otherwise specified herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

1

2.      This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3.      The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Settling Parties, Ocean Power, and Current Ocean Power Stockholders, and hereby finally approves the Settlement in all respects and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4.      The Action, all claims contained therein, and any other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.      Upon the Effective Date, Ocean Power, Plaintiffs (acting on their own behalf and derivatively on behalf of Ocean Power), and each of Ocean Power's stockholders shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons.  Ocean Power, Plaintiffs, and each of Ocean Power's stockholders shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons.

6.      Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiffs, their beneficiaries, and Plaintiffs' Counsel from any and all Defendants' Released Claims.

7.      Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8.      The Court finds that the Notice to Current Ocean Power Stockholders was made in accordance with the Preliminary Approval Order and provided the best notice practicable under the circumstances to all Persons entitled to such notice; was reasonably calculated, under the circumstances, to apprise Current Ocean Power Stockholders of the pendency of the Action, the terms of the Settlement, and Current Ocean Power Stockholders' right to object to and to appear at the settlement fairness hearing held on _____, 2017; and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

9.      The Court finds that during the course of the Action, the Settling Parties and their counsel at all times complied with Federal Rule of Civil Procedure 11.

10.     The Court finds that the Fee Award is fair and reasonable, in accordance with the Stipulation, and finally approves the Fee Award.

11.     The Court finds that the Service Awards are fair and reasonable, in accordance with the Stipulation, and finally approves the Service Awards, to be paid from the Fee Award by Plaintiffs' Counsel.

12.     In light of the benefits to the Company and the complexity, expense, and possible duration of further litigation against the Defendants, the Court hereby fully and finally approves the Settlement pursuant to Rule 23.1(c), as set forth in the Stipulation in all respects, and finds the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of Ocean Power and its stockholders.  This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of

Ocean Power, its stockholders, and the Individual Defendants. The Court has considered any submitted objections to the Settlement and hereby overrules them.

13. This Judgment, the fact and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action, in the Litigation Demand, or in any litigation, or the deficiency or infirmity of any defense that has been or could have been asserted in the Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person, or against Plaintiffs as evidence of any infirmity in their claims; or

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal.

14.     This Judgment, the Stipulation, the Settlement, and any act performed or document executed pursuant to or in furtherance thereof, shall not be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement.  However, the Released Persons may refer to the Settlement, and file the Stipulation and/or this Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

15.     Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Settling Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

16.     This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED:

_____
HONORABLE FREDA L. WOLFSON
UNITED STATES DISTRICT JUDGE