UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOUGLAS LABARE, Derivatively on Behalf of OCEAN POWER TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES DUNLEAVY, MARK A. FEATHERSTONE, TERENCE J. CRYAN, DR. GEORGE W. TAYLOR, EILEEN M. COMPETTI, DAVID L. KELLER, GEORGE H. KIRBY III, DEAN J. GLOVER, AND SEMOUR S. PRESTON III,<br><br>Defendants,<br><br>And<br><br>OCEAN POWER TECHNOLOGIES, INC.,<br><br>Nominal Defendant. | Case No.: 3:15-cv-01980-FLW-LHG |

## [~~PROPOSED~~] FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to this Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated March 9, 2018 (the "Preliminary Approval Order"), on the application of the Settling Parties for final approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated October 23, 2017 (the "Stipulation"), attached hereto as Exhibit 1. Due and adequate notice having been given to Current Ocean Power Stockholders as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1

1. This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and except where otherwise specified herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Settling Parties, Ocean Power, and Current Ocean Power Stockholders, and hereby finally approves the Settlement in all respects and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4. The Action, all claims contained therein, and any other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the Effective Date, Ocean Power, Plaintiffs (acting on their own behalf and derivatively on behalf of Ocean Power), and each of Ocean Power's stockholders shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons. Ocean Power, Plaintiffs, and each of Ocean Power's stockholders shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons.

6. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and

discharged Plaintiffs, their beneficiaries, and Plaintiffs' Counsel from any and all Defendants' Released Claims.

7. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8. The Court finds that the Notice to Current Ocean Power Stockholders was made in accordance with the Preliminary Approval Order and provided the best notice practicable under the circumstances to all Persons entitled to such notice; was reasonably calculated, under the circumstances, to apprise Current Ocean Power Stockholders of the pendency of the Action, the terms of the Settlement, and Current Ocean Power Stockholders' right to object to and to appear at the settlement fairness hearing held on May 14, 2018; and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

9. The Court finds that during the course of the Action, the Settling Parties and their counsel at all times complied with Federal Rule of Civil Procedure 11.

10. The Court finds that the Fee Award is fair and reasonable, in accordance with the Stipulation, and finally approves the Fee Award.

11. The Court finds that the Service Awards are fair and reasonable, in accordance with the Stipulation, and finally approves the Service Awards, to be paid from the Fee Award by Plaintiffs' Counsel.

12. In light of the benefits to the Company and the complexity, expense, and possible duration of further litigation against the Defendants, the Court hereby fully and finally approves the Settlement pursuant to Rule 23.1(c), as set forth in the Stipulation in all respects, and finds the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of Ocean Power and its stockholders. This Court further finds the Settlement set forth in the Stipulation is

the result of arm's-length negotiations between experienced counsel representing the interests of Ocean Power, its stockholders, and the Individual Defendants. The Court has considered any submitted objections to the Settlement and hereby overrules them.

13. This Judgment, the fact and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action, in the Litigation Demand, or in any litigation, or the deficiency or infirmity of any defense that has been or could have been asserted in the Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person, or against Plaintiffs as evidence of any infirmity in their claims; or

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other

civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal.

14. This Judgment, the Stipulation, the Settlement, and any act performed or document executed pursuant to or in furtherance thereof, shall not be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement. However, the Released Persons may refer to the Settlement, and file the Stipulation and/or this Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

15. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Settling Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

16. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED: June 13, 2018

_____
HONORABLE FREDA L. WOLFSON
UNITED STATES DISTRICT JUDGE